Trover for a horse, on the trial of which the jury found the following special verdict:
"The jury find that the defendant McCurry, being a constable of the county of Yancey, and having two executions in his hands — one (67) in favor of the other defendant Hensley against one William Edwards for $8.25, and the other in favor of one Samuel Fleming against the said Edwards and the other defendant Hensley for $70 — did, on 7 September, 1841, in the town of Burnsville, levy upon and take into his possession a roan mare, the property of the said Edwards; that the said McCurry immediately led the mare across the street and delivered her to the defendant Hensley, with the understanding that Hensley should have her forthcoming at the next October court in Burnsville, to be sold in satisfaction of the said executions; that Hensley then delivered the mare to the said Edwards, with the understanding that he should keep her and have her at the time and place before agreed upon; that Edwards kept her in his possession until 24 September, 1841, when the plaintiff, who was also a constable of the said county and who had executions in favor of different persons against the said Edwards, went to the house of Edwards, levied his executions on the mare, took her into his possession, and kept her until 4 October, when he exposed her to public sale after due advertisement, at which sale one Chandler became the purchaser for $45, and soon after his purchase transferred the mare to the plaintiff on an advance of 25 per cent for his bid. The jury further find that there was no understanding between the plaintiff and the said Chandler before the sale was closed that Chandler should bid for and as the agent of the plaintiff. They further find that, after the sale by Chandler to the plaintiff, the defendants took and converted the mare to their own use, and that the value of the mare at the time of the conversion was $65; but whether upon these facts the plaintiff is entitled to recover, the jury are ignorant, and pray the advice of the court, etc."
The court was of opinion with the plaintiff. They held that the right of the first officer commenced with and depended upon his possession; that this possession was lost by the act of his agent in restoring (68) the possession to the debtor, and of course the right which *Page 57 
depended upon it was also lost. Judgment was therefore rendered for the plaintiff, and the defendants appealed.
We concur with his Honor in the opinion delivered by him in this case. The case is within the rule laid down by this Court in Roberts v. Scales,23 N.C. 88, relation to the duty of officers in levying executions on the property of a debtor. When the plaintiff, who made the last levy, came with the executions then in his hands to make the levy he found the mare now in controversy in the possession of the debtor. The levy which McCurry had before made on the mare had lost its effect as to the executions in the hands of Wilson by the property being then out of the custody or care of McCurry, or his agent, and again in possession of the original debtor. If the agent of McCurry has been guilty of a breach of trust in permitting Edwards, the debtor, to regain the possession of the mare, he is responsible to him for that conduct; but the plaintiff had nothing to do with that agency. The judgment must be
PER CURIAM. Affirmed.